Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MOGANNAM,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **BRONSON, CAWLEY &** | ) **COLLECTION PRACTICES ACT** |
| **BERGMANN, LLP, PATRICK** | ) |
| **BERGMANN, AND JONATHAN** | ) |
| **CAWLEY,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.   Plaintiff, John Mogannam ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.   At all relevant times herein, Defendant, Bronson, Cawley & Bergmann, LLP ("Defendant CB") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5.   At all relevant times herein, Defendant, Patrick Bergmann ("Defendant Bergmann") was general partner of Defendant CB.  As an officer, shareholder and/or director of Defendant CB, Defendant Bergmann was responsible for the overall success of the company. Defendant Bergmann is a

"debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant CB's business; as the owner of Defendant CB, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant CB's affairs and Defendant Bergmann continued to play a key role in maintaining and expanding Defendant CB's debt collection activities throughout the time in question.

6.  At all relevant times herein, Defendant, Jonathan Cawley ("Defendant Cawley") was general partner of Defendant CB. As an officer, shareholder and/or director of Defendant CB, Defendant Cawley was responsible for the overall success of the company. Defendant Cawley is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant CB's business; as the owner of Defendant CB, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant CB's affairs and Defendant Cawley continued to play a key role in maintaining and expanding Defendant CB's debt collection activities throughout the time in question.

7. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

8. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

9. Defendant CB, Defendant Bergmann, and Defendant Cawley ("Defendants" collectively herein) are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant CB contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On March 28, 2011, Defendant CB left a voicemail on Plaintiff's cell phone. In that voicemail, the caller did not identify the name of the company he was calling from or his name. The caller did not state that the call was an attempt to collect a debt or that the call was coming from a debt collector. In the voicemail, the caller states he's calling from a law firm to allow the Plaintiff an opportunity to address the matter pending with the attorneys, who at this time plan to recommend to their client to proceed accordingly. The matter is never identified.

7. The March 28, 2011, voicemail constitutes a threat of legal action to Plaintiff by Defendant CB. By identifying itself as a law firm, and stating the matter is pending with attorneys, Defendant CB is clearly attempting to mislead and intimidate Plaintiff. However, Defendant CB is not a law firm licensed in

California, and neither Defendant Bergmann nor Defendant Cawley are licensed California attorneys. Defendant CB did not intend to take legal action against Plaintiff, nor is Defendant CB able to take legal action against Plaintiff.

8. On April 1, 2011, Plaintiff's counsel sent a request for verification of the alleged debt to Defendant CB. Verification has not been provided to date.

9. Defendant CB's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, implying legal action will be taken against Plaintiff although he resides in California and although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (§1692e(5));

    b) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose, including, but not limited to, leaving a voicemail for Plaintiff on March 28, 2011, wherein the reason for the call is only identified as a matter pending with attorneys (§1692e(11));

    c) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector, including, but not limited to, leaving a voicemail for Plaintiff on March 28, 2011, wherein the reason for the call is only identified as a matter pending with attorneys (§1692e(11));

d) Failing to provide Plaintiff with the notices required by 15 USC §1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including, but not limited to, leaving a voicemail for Plaintiff on March 28, 2011, wherein the reason for the call is only identified as a matter pending with attorneys (§1692g(a));

e) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, implying legal action will be taken against Plaintiff although he resides in California although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (§1692e(10));

f) Falsely representing that an individual is an attorney, including, but not limited to, leaving a voicemail for Plaintiff where the caller identifies Defendant CB as a law firm calling about a matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (§1692e(3));

g) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, including, but not limited to, failing to identify Defendant CB's name in a voicemail, instead merely stating it is a law firm (§1692d(6));

h) Failing to disclose the caller's individual identity in a telephone call to Plaintiff (§ 1692d(6));

i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, including, but not limited to, leaving a voicemail for Plaintiff on March 28, 2011, wherein the reason for the call is only identified as a

matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (Cal Civ Code §1788.13(j));

j) Communicating with Plaintiff other than in the name either of the debt collector or the person on whose behalf the debt collector is acting, including, but not limited to, leaving a voicemail for Plaintiff wherein the caller does not provide the name of the company he is calling from (Cal Civ Code §1788.13(a));

k) Falsely representing that any person is an attorney or counselor at law, including, but not limited to, leaving a voicemail for Plaintiff where the caller identifies Defendant CB as a law firm calling about a matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (Cal Civ Code §1788.13(b));

l) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action, including, but not limited to, leaving a voicemail for Plaintiff where the caller identifies Defendant CB as a law firm calling about a matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (§1692e(4));

m) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law, including, but not limited to, leaving a voicemail for Plaintiff where the

caller identifies Defendant CB as a law firm calling about a matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (Cal Civ Code §1788.10(e));

n) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code, including, but not limited to, leaving a voicemail for Plaintiff where the caller identifies Defendant CB as a law firm calling about a matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (Cal Civ Code §1788.10(f)); and

o) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, leaving a voicemail for Plaintiff where the caller identifies Defendant CB as a law firm calling about a matter pending with attorneys, although Defendant CB is not a California law firm and Defendant Bergmann and Defendant Cawley are not licensed California lawyers (§1692d)).

10. Defendant Bergmann and Defendant Cawley as owners and partners in Defendant CB are directly responsible for Defendant CB's violations.

11. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and

Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 21st day of June, 2011.

By: <u>/s Todd M. Friedman</u>
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff